United States District Court
Middle District of Pennsylvania

Jeremy Pinson,
　　　　Plaintiff,

v.

Lieutenant K. Ackley,
United States of America,
Federal Bureau of Prisons,
　　　　Defendants

3:25-CV-0209

Case No. _____

FILED
SCRANTON

FEB 04 2025

PER ___ ЄƖ
DEPUTY CLERK

CIVIL RIGHTS
COMPLAINT

## I. Jurisdiction/Venue

1. Jurisdiction is asserted proper pursuant to 28 U.S.C. 1331 (federal question), 28 U.S.C. 1346(b) and 2671-80 (federal Tort Claims Act) and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

2. Venue is asserted proper pursuant to 28 U.S.C. 1391.

## II. Parties

1. Plaintiff Jeremy Pinson # 16267-064 is a federal prisoner currently housed at FCI El Reno, P.O. Box 1500, El Reno, OK, 73036.

2. Defendant K. Ackley is a Lieutenant at the United States Penitentiary in Allenwood, PA ("USP Allenwood").

3. Defendant Federal Bureau of Prisons ("BOP") is a federal agency that operates USP Allenwood and employs Defendant Ackley.

1

4. Defendant United States of America ("USA") is the party defendant to a federal Tort Claims Act ("FTCA") Claim.

III - Summary of Claims

1- Count One = Violation Of the FTCA (Sexual Assault by Lieutenant Ackley);

2- Count Two = Violation of the FTCA (Negligent failure to train, supervise, discipline and control employees);

3- Count Three = Violation of the FTCA (intentional infliction of emotional distress, assault, battery under PA state law);

4- Count Four = Violation of 8th Amendment, U.S. Const. (Sexual Assault by Lt. Ackley);

5- Count Five = Violation of 8th Amendment, U.S. Const. (failure to provide post-sexual assault medical/mental healthcare);

6- Count Six = Violation of FTCA (failure to provide post-sexual assault medical/mental healthcare).

IV- Statement of Facts

1. In November 2023 while housed at USP Tucson, AZ the plaintiff who is a transgender female using hormone therapy medications felt a lump in her breast during a self-breast exam and sought medical attention from a Nurse who confirmed the presence of a mass in her breast.

7

2. Plaintiff was quickly thereafter transferred to a transit center in Oklahoma City, OK for 2 weeks until being transferred to USP Allenwood on the Jan. 2, 2024.

3. In March 2024 Plaintiff transitioned from the USP Allenwood Special Housing Unit ("SHU") to the Secure Administrative Unit ("SAU") a solitary confinement housing unit created for "Seriously Mentally ill" BOP inmates who "refuse mental health programming" and "require a secure setting".

4. Plaintiff objected to her placement on the grounds that (1) she was sent to SAU in retaliation for her prior successful lawsuits against BOP and (2) because she was not seriously mentally ill and (3) she did not require a secure setting.

5. Dr. Charles Ackley, the Clinical Director for Health Services at USP Allenwood, ordered a mammogram and breast biopsy regarding the mass in Plaintiff's breast in approximately Jan. or Feb. 2024.

6. In Feb. 2024 U.S. District Judge Rosemary Marquez partially granted a preliminary injunction in Case No. 22-cv-00298-RM (D. Ariz.) as Plaintiff's right to be free from cross-gender strip searches by male staff were being

3

violated. She gave BOP an opportunity to comply with her decision, which BOP elected to do by granting Plaintiff a "Pat Search Accomodation" card signed by the Warden - David Christensen - which stated "Pat Search only by Female staff Partially Granted Visual (* see reverse side for direction on visual searches)" on its front side and "Body Scanning technology will be utilized when available in lieu of female staff conducting a visual search" for Plaintiff to present to all Male staff in the event they asked to search her body by a pat or strip search.

7. In May 2024 Lieutenant K. Ackley, the defendant in this action, arrived to Plaintiff's cell in the SHU to escort her with 3 other officers to the Evangelical Hospital office building for a breast biopsy wherein Plaintiff was required to disrobe the upper half of her body exposing both breasts for the procedure. Prior to disrobing Ackley dismissed the other 3 officers to wait outside the room with a closed door wherein Plaintiff, a doctor and Ackley remained.

8. Upon finishing the procedure the doctor exited the room to allow plaintiff to put on her shirt and bra with only Ackley present.

9. Once the doctor exited the room Ackley told Plaintiff how her breasts were alike to

4

12. In 2022 the Office of Inspector General released a report criticizing BOP's de facto use of a practice of deeming all PREA allegations by inmates to be unsubstantiated or unfounded if the only evidence of perpetrator guilt is a prisoner's own testimony which BOP treated as categorically unreliable. This led BOP's Director to amend the Office of Internal Affairs policy with major changes.

13. After Plaintiff reported Ackley pursuant to 28 C.F.R. 115.51 BOP had duties under 28 115.62, 115.67, 115.64 and others that it did not follow in Plaintiff's case.

14. Upon learning Plaintiff had filed PREA allegations against him Ackley retaliated by authoring her an incident report to cause her loss of privileges and to extend her prison sentence by 27 days.

15. Ignoring both Judge Marquez's Orders and the Pat/Visual search accomodation, BOP assigned a male nurse, male Lieutenant, and 3 male staff to perform a medical assessment of Plaintiff's PREA allegations who insisted she be stripped nude while remaining in handcuffs affixed to a waist chain and leg shackles so tight they left abrasions to her wrists and ankles. For her entire exam staff yelled and cursed at Plaintiff and squeezed her upper arms so tightly they left bruises.

6

Cisgender women and continued to flirt with the Plaintiff. Ackley wore a belt with a loaded firearm and space ammunition which frightened Plaintiff. Ackley asked Plaintiff to perform fellatio upon him and Plaintiff did so only out of her fear that Ackley could shoot her and falsify events after her death.

10. Upon her return to USP Allenwood Plaintiff remained silent about the sexual assault for a short period of time and then finally reported him but did so reluctantly due to her prior bad experiences with how BOP staff mishandled her PREA allegations and her bench trial in Nov. 2023 (Case No. @ 19-CV-422-RM in District of Arizona) where staff colluded to paint Plaintiff as a bad person who should not be believed about being victimized in BOP custody.

11. Staff sexual assault of prisoners is rampant in the BOP and has been the subject of dozens of lawsuits, a Senate inquiry and report, and even a change to U.S. Sentencing Guideline 1B1.13 allowing sentence reductions for victims of staff sexual misconduct. See, e.g. Herrera v. United States, No. 17-CR-415 (S.D.N.Y.) Cal. Coal. for Women Prisoners v. USA, No. 23-CV-4155 (N.D.Cal.

5

16 - Plaintiff, who already suffered from PTSD stemming from prior violence against her in prison, was provided no mental health treatment following Ackley's sexual assault though 28 C.F.R. Part 115 et seq. required such on a mandatory basis

17 - Plaintiff was provided no medical treatment following Ackley's sexual assault though 28 C.F.R. Part 115 et seq. required such on a mandatory basis.

18 - Plaintiff received no protection from retaliation following Ackley's sexual assault despite 28 C.F.R. 115-67 requiring such and Plaintiff repeatedly reported such retaliation between May and Oct. 7, 2024 to her Psychologist Dr. Greene, SAU Lieutenant Tyler and Fry, the Captain and Warden, SIS Lt. and Special Investigative Agent.

19 - Plaintiff filed a Claim For Damage, Injury or Death to the BOP which was denied on Jan. 21, 2025 (see Ex. 1, FTCA Claim Denial Letter).

20 - Plaintiff was severely mentally and emotionally traumatized by Ackley's sexual assault and the BOP staff who acted to coverup what Ackley had done by refusing to report the matter to the OIG or FBI for investigation of the matter. Such cover-up actions have frequently occurred throughout the BOP following staff sexual abuse of inmates in BOP custody.

7

V. Relief Sought

1. Plaintiff seeks $5,000,000.00 in damages from defendant USA.

2. Plaintiff seeks $5,000,000.00 in damages from defendant Ackley.

3. Plaintiff seeks a permanent injunction requiring BOP to follow 28 C.F.R. Part 115 and appointment of a Special Master to monitor compliance for 5 years minimum.

Jeremy Pinson - Plaintiff

8



Jeremy Pinson #16267-064
Federal Correctional Institution
P.O. Box 1500
El Reno OK 73036

OKLAHOMA CITY OK

31 JAN 2025 PM 5

RECEIVED
SCRANTON

FEB 04 2025

PER _____ DEPUTY CLERK

USMS

Clerk, U.S. District Court
235 North Washington Avenue
P.O. Box 1148
Scranton PA 18501-1148

Legal Mail

18501-114848